UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LISBEL RAMIREZ RODRIGUEZ,

Petitioner,

v. Case No.: 2:26-cv-01823-SPC-NPM

D.H.S. *et al*,

Respondents,

_______________________________/

**OPINION AND ORDER**

Before the Court are petitioner Lisbel Ramirez Rodriguez's Petition for Writ of Habeas Corpus (Doc. 1) and the government's response (Doc. 7).

Ramirez Rodriguez is a native of Cuba who was paroled into the United States on April 3, 2010. He has since been convicted of aggravated battery on a pregnant person, battery, child abuse, and resisting an officer. On August 7, 2025, the Florida Fish and Wildlife Conservation Commission arrested Ramirez Rodriguez for firing a weapon in public or residential property, possession of a weapon by a felon, and three hunting violations, and Immigration and Customs Enforcement ("ICE") issued an immigration detainer. Ramirez Rodriguez was transferred to ICE custody on September 27, 2025. An immigration judge ordered him removed from the country on January 28, 2026, and Ramirez Rodriguez waived appeal. Ramirez Rodriguez

argues his detention is unlawful because removal is not significantly likely in the reasonably foreseeable future.

"Once a noncitizen's order of removal becomes administratively final, the Government 'shall' remove the person within 90 days." *Singh v. U.S. Attorney Gen.*, 945 F.3d 1310, 1313 (11th Cir. 2019) (quoting 8 U.S.C. § 1231(a)(1)(A)). The government must detain the noncitizen during the 90-day removal period, which begins when the removal order becomes administratively final. *Id.* Detention may continue after the removal period, but not indefinitely.

In *Zadvydas v. Davis*, the Supreme Court held, "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." 533 U.S. 678, 700-01 (2001). If removal is not practically attainable, detention no longer serves its statutory purpose of "assuring the alien's presence at the moment of removal." *Id.* at 699. The Court found it unlikely Congress "believed that all reasonably foreseeably removals could be accomplished in [90 days]." *Id* at 701. So, "for the sake of uniform administration in the federal courts," it established a "presumptively reasonable period of detention" of six months—the 90-day removal period plus an additional 90 days. *Id.* Courts use a burden-shifting framework to judge the constitutionality of additional post-removal detention:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably

> foreseeable future, the Government must respond with evidence sufficient to rebut the showing.

*Id.*

Because the six-month period for presumptively reasonable detention has expired, *Zadvydas*'s burden-shifting framework applies. Ramirez Rodriguez carried his initial burden by showing a good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future. The government has not been able to deport him to Cuba since his removal order became final in January 2026, and it has identified no alternative plan for removal. The burden shifts to the government. The Court finds no significant likelihood Ramirez Rodriguez will be removed in the reasonably foreseeable future.

However, assuring the presence of a noncitizen at the moment of removal is not the only statutory justification for immigration detention. "The second justification—protecting the community—does not necessarily diminish in force over time." *Zadvydas*, 533 U.S. at 690. The Supreme Court has "upheld preventative detention based on dangerousness only when limited to specially dangerous individuals and subject to strong procedural protections." *Id.* Given Ramirez Rodriguez's criminal history, the Court will give ICE an opportunity to determine whether his detention is necessary to protect the community.

Accordingly, it is hereby

**ORDERED:**

Lisbel Ramirez Rodriguez's Petition for Writ of Habeas Corpus (Doc. 1) remains under advisement.

1. Within 30 days of this Order, ICE shall conduct a custody review to determine whether Ramirez Rodriguez poses a danger to the community sufficient to justify continued detention.
2. Within seven days of the custody review, the respondents shall file a supplemental response, addressing the results of the review and any updates on removal efforts.
3. Ramirez Rodriguez may file a reply within three days of the supplemental response.
4. Because ICE recently transferred Ramirez Rodriguez to a different detention facility and does not forward legal mail to detainees after transferring them, the government must certify it has served him with this order within three days.

**DONE AND ORDERED** in Fort Myers, Florida on July 31, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties of Record